## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re James R. Hardy II | No. 3:22-gp-22 (VAB)<br>No. 3:23-gp-3 (VAB) |

### ORDER IMPOSING RECIPROCAL DISCIPLINE

Under Local Rule 83.2(f)(2), the Federal Grievance Committee (the "Committee")

petitioned this Court to impose reciprocal discipline on James R. Hardy II ("Mr. Hardy" or

"Respondent") based on two disciplinary orders of the Connecticut Superior Court. *See*

Presentment, *In re James R. Hardy II*, No. 3:22-gp-22-VAB (Nov. 21, 2022), ECF No. 2 ("First

Presentment"); *In re James R. Hardy II*, No. 3:23-gp-3-VAB (Jan. 30, 2023), ECF No. 2

("Second Presentment").

For the following reasons, the Court will impose reciprocal discipline of ninety days for

the First Presentment and thirty days for the Second Presentment *nunc pro tunc*. The discipline

will begin on November 29, 2022.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**[1]

   **A.  The First Disciplinary Proceeding**

On October 27, 2022, the Court received notice that the Connecticut Superior Court

Judicial District of Hartford disciplined Mr. Hardy for violating Rules 1.3, 1.4, 1.5, and 8.4 of the

---

[1] Mr. Hardy does not challenge the factual findings made by the Connecticut Superior Court. Therefore, the Court does not recite the full factual record and instead, relies on the Connecticut Superior Court's thorough recitation of the facts. *See* Notice of Reciprocal Discipline at 6–9, *In re James R. Hardy II*, No. 3:22-gp-22-VAB (Oct. 27, 2022), ECF No. 1 ("First Notice").

Rules of Professional Conduct. First Notice at 6–8.

As a result, the Connecticut Superior Court suspended Mr. Hardy from practicing law for ninety days, to begin on October 25, 2022. *Id.* at 8. The Connecticut Superior Court also required Mr. Hardy to provide restitution and take three hours of continuing legal education in legal ethics and three hours in law office management. *Id.* at 8–9. Mr. Hardy was to be automatically reinstated at the end of the ninety-day period. *Id.* at 9.

On November 21, 2022, the Committee filed a presentment for discipline and requested that this Court impose reciprocal discipline on Mr. Hardy. First Presentment at 1.

On November 22, 2022, the Court issued an order to show cause and required that Mr. Hardy respond to the presentment. Order to Show Cause, *In re James R. Hardy II*, No. 3:22-gp-22-VAB (Nov. 22, 2022), ECF No. 3.

On January 6, 2023, Mr. Hardy filed a response to the order to show cause. Resp. to Order to Show Cause, *In re James R. Hardy II*, No. 3:22-gp-22-VAB (Jan. 6, 2023), ECF No. 7 ("Resp. to First Order to Show Cause").

On March 8, 2023, Mr. Hardy filed a memorandum of law contesting the imposition of reciprocal discipline. Respondent's Mem. of Law Regarding Reciprocal Discipline, *In re James R. Hardy II*, No. 3:22-gp-22-VAB (Mar. 8, 2023), ECF No. 18 ("Mem.").

### B. The Second Disciplinary Proceeding

On January 30, 2023, the Court received notice that the Connecticut Superior Court Judicial District of Danbury disciplined Mr. Hardy for violating Rules 1.3, 3.2, and 8.4 of the Rules of Professional Conduct. Notice of Reciprocal Discipline at 1, *In re James R. Hardy II*, No. 3:23-gp-3-VAB (Jan. 30, 2023), ECF No. 1 ("Second Notice").

As a result, the Connecticut Superior Court suspended Mr. Hardy for an additional thirty

days and required him to satisfy his obligations to the court reporter's office. *Id.* The Connecticut Superior Court also required that an attorney "act as a practice mentor . . . for 12 months following" Mr. Hardy's reinstatement to practice. *Id.*

On January 30, 2023, the Committee filed a presentment for discipline and requested that this Court impose reciprocal discipline on Mr. Hardy. Second Presentment at 1.

On January 30, 2023, the Court issued an order to show cause, requiring Mr. Hardy to respond to the presentment. Order to Show Cause, *In re James R. Hardy II*, No. 3:23-gp-3-VAB (Jan. 30, 2023), ECF No. 3.

On February 21, 2023, Mr. Hardy filed a response to the order to show cause. Resp. to Order to Show Cause, *In re James R. Hardy II*, No. 3:23-gp-3-VAB (Feb. 21, 2023), ECF No. 5 ("Resp. to Second Order to Show Cause").

On March 8, 2023, the Court held a combined hearing for both orders to show cause. Min. Entry, *In re James R. Hardy II*, No. 3:22-gp-22-VAB (Mar. 8, 2023), ECF No. 19; Min. Entry, *In re James R. Hardy II*, No. 3:23-gp-3-VAB (Mar. 8, 2023), ECF No. 6.

On March 17, 2023, the Committee filed an exhibit on both dockets. Ex. by Fed. Grievance Committee, *In re James R. Hardy II*, No. 3:22-gp-22-VAB (Mar. 17, 2023), ECF No. 29 ("Ex."); Ex. by Fed. Grievance Committee, *In re James R. Hardy II*, No. 3:23-gp-3-VAB (Mar. 17, 2023), ECF No. 8.

## II.    STANDARD OF REVIEW

Local Rule 83.2(f)(2) provides that, on a presentment of the Federal Grievance Committee petitioning the Court to impose reciprocal discipline, the identical discipline must be imposed unless it clearly appears on the face of the record in the prior disciplinary proceeding:

> a. that the procedure was so lacking in notice or opportunity to be
> heard as to constitute a deprivation of due process; or

3

b. that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistent with its duty, accept as final the discipline imposed; or
c. that the imposition of the same discipline by the Court would result in grave injustice; or
d. that the misconduct established is deemed by the Court to warrant substantially different discipline.

D. Conn. L. Civ. R. 83.2(f)(2). If the Court finds that one or more of these exceptions exists, it may enter "such other order as it deems appropriate." *Id.*

The standard of review in this proceeding is highly deferential to the state court's determination. *See, e.g.*, *Theard v. United States*, 354 U.S. 278, 282 (1957); *In re Roman*, 601 F.3d 189, 192–94 (2d Cir. 2010); *In re Edelstein*, 214 F.3d 127, 132 (2d Cir. 2000). Respondent bears the burden of demonstrating by clear and convincing evidence that reciprocal discipline should not be imposed. *In re Roman*, 601 F.3d at 194 (citing *In re Friedman*, 51 F.3d 20, 22 (2d Cir. 1995)). There is a rebuttable presumption implicit in the mandate that reciprocal discipline imposed by this court will be identical. *See id.* at 192–93.

## III.    DISCUSSION

Mr. Hardy argues that the Connecticut Superior Court "system of attorney discipline is arbitrary and capricious." Mem. at 1. Mr. Hardy relies on three examples in which courts in this District allegedly did not impose reciprocal discipline and argues that these attorneys' misconduct was much worse than his own: a still open matter, *In re Zelotes*, and *In re Peters*. *Id.* at 2–4. In Mr. Hardy's view, if he receives any federal discipline, it should include only "an order to attend a Continuing Legal Education course on legal ethics, law office management or something similar." *Id.* at 5.

The Committee responded orally and argued that the three cases that Mr. Hardy relied upon were unique situations. The Committee also filed, at the Court's request, a docket activity

4

report that includes "orders issued by the federal court since January 1, 2013." Ex. at 1. The Committee contends that there was only one instance, among the 128 entries, where the court set aside a reciprocal discipline order in the interest of justice. *Id.* The Committee notes that the one instance where discipline was set aside was *In re Zelotes*, No. 13-gp-18 (SRU), and it is one that, as noted above, the Committee argues is distinguishable from this case. *Id.* The Committee states that "[i]n the remaining cases, the federal court imposed identical discipline . . . to the discipline imposed by the state court," "the attorney resigned and waived the privilege of applying for readmission to the federal court," or "the federal court suspended the attorney indefinitely . . . because the attorney was placed on inactive status in the state court." *Id.* In the Committee's view, Mr. Hardy has not provided a basis for the Court to not impose reciprocal discovery. *Id.* at 1–2.

  The Court agrees.

  "Since [Mr. Hardy] does not contest the process he received . . . or allege an infirmity of proof," the Court will consider "only whether it has been demonstrated that some 'grave reason' prohibits the imposition of . . . reciprocal suspension." *In re Roman*, 601 F.3d at 193–94 (noting also that the "substantially different discipline" exception in Local Rule 83.2(f)(2)(d) was "subsumed by the 'grave reason' category").

  In the Court's view, Mr. Hardy's  three cited cases do not provide a sufficient basis for not imposing reciprocal discipline. First, Mr. Hardy relies on a disciplinary proceeding in which the Committee did not seek reciprocal discipline at all. Mem. at 1–2. Even if the Committee were not currently reviewing the case for additional steps presently,[2] the Committee's decision not to request reciprocal discipline is not relevant to whether a federal court would have imposed such

---

[2] The Committee represented during the show cause hearing that the matter was, at that time, open and therefore, it could not comment further on any next steps.

discipline under Local Rule 83.2.

Similarly, *In re Zelotes* does not support Mr. Hardy's position because that proceeding involved a substantial delay in the imposition of reciprocal discipline. More specifically, because the show cause hearing "occurred over four years after the conduct at issue and almost two years after the imposition of discipline by the Superior Court" and the respondent had "been practicing law knowing that the possibility of reciprocal discipline was looming over his head," the court determined that it was appropriate to set aside the reciprocal discipline. Order at 6, *In re Zelotes*, No. 3:13-gp-18-SRU (Jan. 23, 2017), ECF No. 23. Here, there is no such substantial delay.

Finally, in *In re Peters*, the Committee on Grievances for the Southern District of New York imposed a seven-year suspension *nunc pro tunc* that began on April 10, 2008. 941 F. Supp. 2d 359, 360–61 (S.D.N.Y. Apr. 10, 2013). The attorney appealed the suspension and the Second Circuit affirmed in part and vacated the suspension order in part in April 2011. *Id.* at 361. In 2013, on remand, and after a hearing, Ms. Peters's seven-year suspension was reimposed and began *nunc pro tunc* on April 10, 2008. *Id.* at 366.

While the New York case was pending, a notice of reciprocal discipline was filed in the District of Connecticut. Notice of Reciprocal Discipline, *In re Kristan Peters-Hamlin*, No. 3:08-gp-18-JCH (May 28, 2008), ECF No. 1. On April 6, 2015, after the New York case was complete, Judge Hall imposed reciprocal discipline, ordering that the attorney should be suspended *nunc pro tunc* for seven years beginning on April 10, 2008. Order of Reciprocal Suspension, *In re Kristen Peters-Hamlin*, No. 3:08-gp-18-JCH (Apr. 3, 2015), ECF No. 36. Judge Hall did not set aside the order of reciprocal discipline, despite the substantial delay. *Id.*

As noted above, here there is no substantial delay, and, as the other matter suggests, even if there were a substantial delay, the Court could still impose the requested reciprocal discipline.

Therefore, Mr. Hardy has not met his burden to establish by clear and convincing evidence a "grave reason" that prohibits the imposition of reciprocal discipline.

Accordingly, the Court will impose reciprocal discipline.

## IV.    CONCLUSION

For the foregoing reasons, the Court will impose reciprocal discipline of ninety days for the First Presentment and thirty days for the Second Presentment *nunc pro tunc*. The discipline will begin on November 29, 2022.

**SO ORDERED** at Bridgeport, Connecticut, this 4th day of August, 2023.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE